UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI FARRAJ,

    Plaintiff,

v.

SETERUS, INC., AND
FEDERAL NATIONAL MORTGAGE ASSOCIATION

    Defendants.
_____/

Case No. 15-cv-11878

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [12]**

**I. INTRODUCTION**

On March 19, 2015, Plaintiff Fadi Farraj ("Plaintiff") commenced this action in the Circuit Court of Oakland County, Michigan. Dkt. No. 1, p. 2 (Pg. ID No. 2). Plaintiff's Complaint alleged violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605; and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. Dkt. No. 1-1, pp. 5–9 (Pg. ID No. 14–18). Additionally, Plaintiff brought a claim to quiet title under Michigan Compiled Laws, § 600.2932. *See id.* at pp. 9–10 (Pg. ID No. 18–19). Plaintiff has since amended his Complaint on July 22, 2015. *See* Dkt. No. 9.

This matter is before the Court on Defendants' Seterus, Inc. ("Seterus") and Federal National Mortgage Association ("Fannie Mae") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 12, p. 1 (Pg. ID No. 174). Plaintiff opposes the Motion, but

failed to file a timely response brief.[1] *See id*. For the reasons discussed herein, Court will **GRANT** Defendants' Motion to Dismiss [12].

## II. BACKGROUND

On or about February 18, 2010, Plaintiff and his spouse, Anne Farraj, obtained a loan (the "Loan") in the amount of $198,600.00 from nonparty Bank of America, N.A. ("Lender"). Dkt. No. 9, p. 4, ¶¶ 11–12 (Pg. ID No. 125); Dkt. No. 10-1 (Pg. ID No. 139–48). To evidence the loan, Plaintiff executed a promissory note (the "Note") payable to Lender. Dkt. No. 12, p. 11 (Pg. ID No. 184). Plaintiff granted a mortgage to Lender against his home (the "Property) as security for the Loan. Dkt. No. 9, p. 4, ¶ 12 (Pg. ID No. 126).

On September 1, 2013, Lender transferred servicing of the Loan to Seterus. *See* Dkt. No. 10-2, p. 2 (Pg. ID No. 150). The next month, on October 18, 2013, Lender assigned the mortgage to Fannie Mae. *See* Dkt. No. 12-2, p. 2 (Pg. ID No. 212). The Oakland County Clerk recorded the assignment on November 22, 2013. *See id*. Plaintiff's counsel received a letter from Seterus on July 1, 2014, which responded to correspondence Seterus had received from Plaintiff. *See* Dkt. No. 10-3, pp. 2–3 (Pg. ID No. 155–56). The letter stated that Fannie Mae wholly owned the Note and was the beneficiary of the lien on the Property. *See id*. The letter also stated that the Loan had an estimated foreclosure date of October 14, 2014. *See id*.

Plaintiff's counsel later sent a letter to Seterus in December 2014, inquiring as to the evaluation of his loan modification application. Dkt. No. 9, p. 6, ¶ 21 (Pg. ID No. 127). Seterus's

---

[1] Plaintiff's Response was due no later than September 24, 2015, under the Eastern District's Local Rules for the filing of responses to dispositive motions. Without seeking leave of the Court, Plaintiff filed his Response on October 16, 2015. Dkt. No. 14. Plaintiff provided no explanation as to why his Response was several weeks late and the Court will not consider it when deciding this Motion.

response letter, sent in January 2015, stated that Defendants did not offer modification options involving significant principle balance reduction. Dkt. No. 12-3, p. 2 (Pg. ID No. 214). The letter further stated that Plaintiff was ineligible for the Home Affordable Modification Program because his contractual installment amount was less than 31% of his monthly income. *Id.*

Plaintiff commenced this suit in Oakland County Circuit Court on March 17, 2015. Dkt. No. 1-1, p. 10 (Pg. ID No. 19). On May 26, 2015, Defendants removed the case to this Court on the basis of diversity and federal question jurisdiction. *See id*. at 3–8 (Pg. ID No. 3–8). Plaintiff amended his complaint on July 23, 2015, Dkt. No. 9, and Defendants filed a renewed Motion to Dismiss the Amended Complaint on August 19, 2015. Dkt. No. 12.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (2009) (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007). This may include "documents relating the note, mortgage, assignment, loan modification process, and foreclosure that are referenced in the complaint and integral to [plaintiff's] claims." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014).

### IV. DISCUSSION

**A.  The Court Will Dismiss Plaintiff's RESPA Claim for Failure to State a Claim upon Which Relief Can Be Granted.**

Count I of Plaintiff's Amended Complaint alleges that Seterus violated RESPA by "failing to adequately investigate and correct the following issues regarding Plaintiff's loan modification request pursuant to 12 CFR § 1024.35." Dkt. No. 9, p. 7, ¶ 23 (Pg. ID No. 128). Defendants seek dismissal of the RESPA claim for several reasons. *See* Dkt. No. 12, p. 16 (Pg. ID No. 189). First, Defendants assert that Plaintiff failed to allege factual support for a RESPA

violation. *See id*. Second, Defendants claim that RESPA does not provide for a private right of action. Third, Defendants contend that Plaintiff's failure to plead any actual damages from the alleged violation does not satisfy the requirements for a RESPA claim.

### i.      Plaintiff Has Failed to Provide Adequate Facts to Plead a RESPA Violation.

Section 2605(k)(1) of RESPA prohibits a servicer from "fail[ing] to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E). Plaintiff alleges Seterus failed to comply with 12 C.F.R. § 1024.35, a regulation promulgated by the Bureau of Consumer Financial Protection that took effect in January 2014. Plaintiff's claim alleges Seterus violated RESPA by:

   a. Failing to accurately determine whether Plaintiff was eligible for the Making Home Affordable Program ("HAMP") pursuant to the Making Home Affordable Program Handbook for Servicers of NonGSE Mortgages[2], Version 4.4, March 3, 2014 (the "MHA Handbook")[3] in violation of 12 CFR § 1024.35.

   b. Failing to accurately determine whether Plaintiff was eligible for HAMP pursuant to Fannie Mae's Servicing Guide.

   c. Failing to provide calculations, upon Farraj's request, in support of Seterus's determination that Farraj "does not qualify for assistance under the Home Affordable Modification Program, because his current contractual installment amount is less than 31% of his monthly income" in violation of 12 CFR § 1024.35. Seterus simply states that Plaintiff does not qualify in a conclusory fashion, Seterus does not provide any mathematical calculations in support of this assertion. Seterus did not provide the calculations it used for Plaintiff's income, or the amount Seterus used for the "current contractual installment," thus Seterus's January 7, 2015 letter did not provide the "calculations, policies

---

[2] The Court notes that Fannie Mae, a government-sponsored enterprise, would not qualify as a NonGSE, a non-government-sponsored enterprise, which the handbook in question addresses. *See* Dkt. No. 12, p. 20 (Pg. ID No. 193).

[3] Furthermore, the MHA Handbook cited to indicates that Plaintiff would not qualify for an additional reason: the Loan originated in 2010 and the HAMP guidelines state that eligible loans must originate on or before January 1, 2009. *See* MHA Handbook, Section 1.1.1, page 72.

    and procedures" used to determine whether Plaintiff was eligible for HAMP or HAMP PRA.

    d. Seterus's January 7, 2015 letter fails to provide any reasons for extending the loan term to years except for the conclusory statement that extending the loan term "is an underwriting requirement for this modification program" without providing written evidence of Fannie Mae's underwriting guidelines or loan modification policies in violation of 12 CFR § 1024.35.

Dkt. No. 9, pp. 7–8, ¶ 23 (Pg. ID No. 128–29). Plaintiff does not provide any insight into what portion of § 1024.35 Seterus allegedly violated. *See id*.

    Section 1024.35 details the error resolution procedures for written notices of error submitted by borrowers. 12 C.F.R. § 1024.35(a). To fall under § 1024.35 requirements, a borrower must submit a qualified written request (QWR) to the servicers that "enables the servicer to identify, the name and account of the borrower" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Covered errors include "[f]ailure to provide accurate information to a borrower regarding loss mitigation options and foreclosure, as required by § 1024.39" and "[a]ny other error relating to the servicing of a borrower's mortgage loan."[4] 12 C.F.R. §§ 1024.35(b)(7), (11).

    For this case to proceed, one of Plaintiff's alleged errors in the December 2014 letter needs to fall within the scope of § 1024.35(b)'s covered errors. Plaintiff's claims for alleged

---

[4] In the final rule adopting this regulation, the Consumer Financial Protection Bureau specifically distinguished between a failure to *provide accurate information* regarding loss mitigation options, which is covered in § 1024.35(b)(7), and failure to *correctly evaluate* a borrower for a loss mitigation option, which is not a covered error. Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10744 ("[T]he Bureau declines to add a servicer's failure to correctly evaluate a borrower for a loss mitigation option as a covered error in the final rule.").

errors arising under Seterus's determination of HAMP eligibility fail for multiple reasons. First, there is no indication that Seterus failed to provide accurate information regarding Plaintiff's HAMP eligibility. Seterus's response to his QWR stated that Plaintiff's income to installment ratio exceeded HAMP's eligibility guidelines, meaning that he did not qualify. Dkt. No. 12-3, p. 2 (Pg. ID No. 214). Plaintiff's allegation of error on this point merely alleges that Seterus did not provide him with the calculations he requested. Dkt. No. 9, pp. 7–8, ¶ 23 (Pg. ID No. 128–29). However, Plaintiff was not entitled to the mathematical calculations for HAMP eligibility, and thus Seterus's failure to include them does not constitute an error. Furthermore, the Sixth Circuit has confirmed that "HAMP and its enabling statute do not contain a federal right of action." *Olson v. Merrill Lynch Credit Corp.*, 576 F. App'x 506, 511 (6th Cir. 2014) *cert. denied*, 135 S. Ct. 1549 (2015).

Finally, Plaintiff's argument that Seterus failed to provide a reason for extending the amortization period also fails.[5] Plaintiff himself notes that Seterus provided an explanation for why he was given more time to pay off the Loan: extending the loan term to 40 years was an underwriting requirement for the loan modification agreement offered to Plaintiff in October 2014. *See* Dkt. No. 9, p. 8, ¶ 23 (Pg. ID No. 129); Dkt. No. 12-3, p. 2 (Pg. ID No. 214). Furthermore, Plaintiff sought only "an explanation" in item three of his QWR, not "written evidence of Fannie Mae's underwriting guidelines or loan modification policies." *See id*. The fact that Plaintiff did not accept the explanation does not mean that Seterus did not offer one. In

---

[5] An extended amortization period can be a beneficial change for a borrower, as it increases the number of years in which a lender allows a borrower to pay off a loan, reducing the size of monthly payments. Here, it appears that Plaintiff was given an extra ten years to pay off the amount owed. Plaintiff could still pay off his Loan in the original time period, if he so chose.


sum, the facts alleged in Plaintiff's RESPA claim fail to establish that Seterus committed a covered error.

Since the Court finds that Plaintiff failed to allege factual allegations upon which relief could be granted under RESPA, the Court need not evaluate Defendants' other arguments that 12 C.F.R. § 1024.35 does not provide a private right of action and that Plaintiff failed to allege actual damages.

Count I of Plaintiff's Amended Complaint is dismissed without prejudice.

**B.     The Court Will Dismiss Plaintiff's Claim Under TILA Because It Is Time-Barred.**

Additionally, Plaintiff claim that Fannie Mae violated § 1641(g)(1) of TILA by failing to provide Plaintiff with timely required disclosures after Lender assigned the loan. Dkt. No. 9, pp. 9–12, ¶¶ 25–36 (Pg. ID No. 130–33). Defendants assert that this claim is barred by the TILA's statute of limitations, which requires that claims be brought "within one year from the date of the occurrence of the violation." *See* Dkt. No. 12, p. 26 (Pg. ID No. 199); 15 U.S.C. § 1640(e). The parties dispute which date represents "the occurrence of the violation." Plaintiff contends, in his untimely response, that the clock began running when he learned of the violation on July 1, 2014. *See* Dkt. No. 14, p. 3 (Pg. ID No. 288). Defendants counter that the alleged violation would have taken place at the time of assignment, on November 22, 2013. *See* Dkt. No. 12, p. 26 (Pg. ID No. 199).

The Sixth Circuit has held that TILA claims may be subject to equitable tolling in certain circumstances. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed. App'x 627, 635 (6th Cir. 2007). Although the general rule provides that the statute of limitations should not be extended, there is an exception if defendants fraudulently conceal their wrongdoing and prevent plaintiffs from timely filing of claims. *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010).

Equitable tolling is appropriate where a plaintiff has shown: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action *within the limitations period*; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975) (emphasis added). The Court finds that Plaintiff failed to plead adequate facts to support the application of equitable tolling to the statute of limitations in this case.

Here, there is no evidence that Fannie Mae attempted to conceal the assignment of the mortgage. To the contrary, the assignment was publicly recorded for any interested party to see on November 22, 2013. *See* Dkt. No. 12-2, p. 2 (Pg. ID No. 212). On this date, Plaintiff had a "complete and present cause of action" and could have filed suit to obtain relief. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Californ*ia, 522 U.S. 192, 201 (1997). Under § 1640(e) of TILA, Plaintiff would have had until November 22, 2014 to file suit. However, despite having explicit notice of Fannie Mae's interest in the Note in July 2014, Plaintiff did not file suit until March 2015. Accordingly, Plaintiff's TILA claim is time-barred.

Count II of Plaintiff's Amended Complaint is dismissed with prejudice.

**C.      The Court Will Dismiss Plaintiff's Request to Quiet Title.**

Plaintiff's third and final claim seeks to quiet title to the Property. *See* Dkt. No. 9, pp. 12–14 (Pg. ID No. 133–35). Defendant asserts that Plaintiff has not alleged a superior interest in the property and that he lacks standing to challenge the mortgage's assignment. *See* Dkt. No. 12, pp. 20–24 (Pg. ID No. 202–06).

MICH. COMP. LAWS § 600.2932 allows Plaintiff to bring an equitable action to quiet title. *See Khadher v. PNC Bank, N.A.*, 577 F. App'x 470, 477–78 (6th Cir. 2014). In order to bring this claim, Plaintiff must allege: "(a) the interest the plaintiff claims in the premises; (b) the interest

the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." Mich. Ct. R. 3.411(B)(2). Plaintiff first has the burden of proof to establish a prima facie case of title. *Khadher*, 577 F. App'x at 478. If Plaintiff makes out a prima facie case, the burden then shifts to Defendants to prove superior right or title in themselves. *Id.* (quoting *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 600 N.W.2d 698, 700 (1999)).

In this case, Plaintiff bases his claim for quiet title on the 2005 Warranty Deed, conveying the Property to Anne Farraj, which was followed by a Quit Claim Deed in March 2010, in which Anne Farraj, added her spouse, Plaintiff, to the title. *See* Dkt. No. 9, p. 13, ¶ 40 (Pg. ID No. 134); Dkt. No. 10-6, pp. 2–3 (Pg. ID No. 163–63). However, Plaintiff simultaneously acknowledges that he entered into a credit transaction with Bank of America in February 2010, in which he granted a mortgage on the Property as security for a $198,600.00 loan. Dkt. No. 10-1 (Pg. ID No. 139–48). Bank of America subsequently assigned their interest in the Property to Fannie Mae in October 2013. Dkt. No. 12-2 (Pg. ID No. 212). Plaintiff alleges that this subsequent assignment of the Property's mortgage from Bank of America to Fannie Mae was not entitled to be recorded because it was "unsigned."[6] Dkt. No. 9, p. 13, ¶ 42 (Pg. ID No. 134); *see also* Dkt. No. 12-2, p. 2 (Pg. ID No. 212).

---

[6] In fact, the Assignment is not unsigned. Although Plaintiff contends that the letter "J," written in cursive in the signature block does not qualify as a signature, Plaintiff's allegation is invalid in light of Michigan law, which does not require a signature to utilize every letter of the signatory's name. *See* Dkt. No. 9, p. 12, ¶ 36 (Pg. ID No. 133); MICH. COMP. LAWS § 565.201(1)(a) ("The name of each person purporting to execute the instrument is legibly printed, typewritten, or stamped beneath the original signature or mark of the person"); MICH. COMP. LAWS § 565.201(4) ("Any instrument received and recorded by a register of deeds … is conclusively presumed to comply with this act."). Since the Assignment was first certified under penalty of perjury by a notary public in California, then received and recorded by the Oakland County Register of Deeds on November 18, 2013, the Court presumes that it complies with the legal requirements involved with assigning an interest in real estate. *See, e.g., Lawson v. Bank of Am., N.A.*, No. 12-CV-14326, 2014 WL 4374379, at \*6 (E.D. Mich. Sept. 4, 2014).

Even if there were a defect in the assignment from Bank of America to Fannie Mae, the defect would not help Plaintiff establish a prima facie case of title. *See Yuille v. Am. Home Mortgage Servs., Inc.*, 483 F. App'x 132, 135–36 (6th Cir. 2012) ("We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, … and that [the borrower], as a stranger to the assignment, lacked standing to challenge its validity[.]"). Similar to *Yuille*, (1) Plaintiff signed the note and mortgage, both of which identify the Lender as Bank of America; (2) under the terms of the mortgage, Plaintiff mortgaged the Property to Fannie Mae, as nominee of Lender and Lender's successors and assigns, and to Fannie Mae's successors and assigns; (3) Plaintiff failed to make payments, as the note required; and (4) Fannie Mae currently wholly possesses the loan. *See id.* at 135.[7]

Plaintiff does not have statutory standing to challenge the validity of Lender's assignment of the Property to Fannie Mae. Neither of the parties to the assignment, Lender (Bank of America) and Fannie Mae, dispute validity of the assignment or which party wholly owns the loan. *See* Dkt. No. 12, p. 31 (Page ID No. 204). Plaintiff has not argued, nor is there any reason to believe, that he is subject to double liability on the debt. *See Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 254 (6th Cir. 2014) (allowing standing where plaintiff suffered injuries from an illegitimate foreclosure action due to fraudulent assignment); *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir.

---

[7] The district court in *Yuille* also found the plaintiff was foreclosed from claiming equitable relief under the unclean-hands doctrine, since he received money in exchange for the note and mortgage, failed to pay his agreed debt, and then sought judicial assistance in avoiding his contractual obligations. 483 F. App'x at 135. The Court notes the similarity of such facts to the present case, but need not decide according to the unclean-hands doctrine because Plaintiff is denied quiet title for other reasons.

2010) (determining under Michigan law that a borrower did not have standing to challenge the validity of the mortgage assignment where he was not a party, the parties did not dispute its validity, the borrower was not at risk of double liability, and the assignment's validity did not impact the borrower's debt obligations). Since Plaintiff did not establish his prima facie case of superior title under the facts pled, Count III will be dismissed with prejudice.

### V. CONCLUSION

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** Defendants' Motion to Dismiss [12]. **IT IS HEREBY ORDERED** that Count I of the Complaint [1] is **DISMISSED WITHOUT PREJUDICE** and Counts II and III are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: December 14, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge